Kurt M. Zitzer (014110)
Logan Reasonover (036572)
MEAGHER + GEER, P.L.L.P.
16767 North Perimeter Drive
Suite 210
Scottsdale, Arizona 85260
480-607-9719
kzitzer@meagher.com
lreasonover@meagher.com
*Attorneys for Plaintiff,*
*Texas Insurance Company*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Texas Insurance Company,<br><br>Plaintiffs,<br><br>vs.<br><br>Athena Logistic Solutions, LLC; Texas Department of Transportation; Roller Express, Inc.; the Estate of Mario Alberto Carlon Solis; Erika Ortiz, Ind. and as Rep. of the Estate of Carlos Armando Reyes Hurtado; and Cameron Grant.<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR INTERPLEADER PURSUANT TO 28 USC §1325** |

The Plaintiff, Texas Insurance Company ("TIC"), files this Complaint for Interpleader against Defendants Athena Logistic Solutions, LLC ("Athena"), Texas Department of Transportation ("Texas DOT"), Roller Express, Inc. ("Roller"), the Estate of Mario Alberto Carlon Solis ("Solis Estate"), Erika Ortiz, individually and as representative of the Estate of Carlos Armando Reyes Hurtado ("Reyes Estate"), and Cameron Grant ("Grant"). The Plaintiff alleges as follows:

**INTRODUCTION**

1.      This is an action for interpleader under 28 USC §1325. TIC respectfully requests that the Court allow TIC to deposit insurance funds, resolve competing claims to those insurance funds, and receive a discharge from further indemnity obligations.

2. TIC issued a commercial auto insurance policy, policy number BBRCXLTAZ0112000600700 to Athena Logistic Solutions, LLC ("Athena") for the period of February 11, 2022 to February 11, 2023 ("the TIC Policy").

3. The limit of liability on the TIC Policy is $1,000,000.

4. As a result of an auto accident on February 27, 2022 involving an Athena vehicle, Athena now faces liability and property demands against it in excess of $1,000,000.

5. On February 27, 2022, the Athena vehicle, while being operated, departed the road, entered the center median, and collided head on with a concrete support pillar of an overpass on Interstate 20 near Abilene, Texas (the "Accident").

6. It is unclear to TIC from the evidence available to date whether Carlos Armando Reyes Hurtado or Mario Alberto Carlon Solis was the driver of the Athena vehicle. At the time of the accident, both Mr. Reyes and Mr. Solis occupied the Athena vehicle.

7. The Accident resulted in the death of Messrs. Solis and Reyes.

8. The Accident resulted in damage to a vehicle owned by Roller Express.

9. Cameron Grant was driving the Roller Express vehicle. At this time, it is unclear to TIC the nature and extent of Ms. Grant's injuries.

10. The Accident also resulted in property damage to property owned by Texas DOT.

11. TIC has acknowledged that Messrs. Solis and Reyes may qualify as insureds under the TIC Policy.

12. TIC has acknowledged coverage to Texas DOT for a property damage claim against Athena arising out of the Accident.

13. TIC has acknowledged coverage to Roller Express for a property damage claim against Athena arising out of the Accident. TIC is still investigating Mr. Grant's bodily injury claim.

14. The Solis Estate has served a $500,000 time-limited demand on TIC.

15. The Texas DOT has delivered an invoice of $343,687.46 to Athena for the property damage caused to the underpass.

16. Roller Express has asserted a property damage claim against Athena in the amount of $27,094.93.

17. The Reyes Estate has served a $1,000,000 demand on TIC.

18. TIC is faced with multiple claims against its policyholder, Athena, and any potential insureds under the TIC Policy, by the Solis Estate, the Texas DOT, the Reyes Estate, and Roller Express.

19. TIC may also receive a claim from Grant, the driver of the Roller Express vehicle.

20. These claims exceed the $1,000,000 limit of the TIC Policy.

21. Athena has demanded that any settlement by TIC include a full release of Athena and any potential insureds under the TIC Policy from claims made arising out of the Accident.

22. Therefore, in accordance with *McReynolds v. American Commerce Insurance Co.*, 225 Ariz. 125, 235 P.3d 278 (App. 2010), TIC respectfully requests that the Court allow TIC to deposit the $1,000,000 policy limits, resolve the competing claims by the Reyes Estate, the Solis Estate, Texas DOT, Roller Express, and Cameron Grant in the Accident to the insurance funds under the TIC Policy, and discharge TIC from any further indemnity obligations.

## **PARTIES AND JURISDICTION**

23. TIC is a Texas corporation, with its principle place of business in Omaha, Nebraska.

24. Athena is an Arizona limited liability company with its principle place of business in Nogales, Arizona.

25. Erika Orozco, representative of the Estate of her husband Carlos Reyes, is a resident of Nogales, Mexico

26. Ms. Claudia Lilian Vega Munoz is a resident of Nogales, Mexico and is representative of the Estate of her common law husband, Mario Alberto Carlson Solis for and on behalf of herself and their daughter Teresa Isabel Carlson Vega.

27. The Texas DOT is a government agency of the State of Texas, with its main

3

offices in Austin, Texas.

28. Roller Express is an Illinois Corporation with its principle place of business in St. Charles, Illinois.

29. Grant is a resident of the State of Texas.

30. TIC brings this interpleader action as a "Statutory Interpleader Action" under 28 U.S.C. 1335.

31. This Statutory Interpleader Action is appropriate under 28 U.S.C. 1335 since the disputed insurance proceeds have a value of greater than $500, two or more adverse claimants are claiming entitlement to the insurance proceeds, and two or more claimants are diverse from one another.

32. Although demands have not been received from all claimants, demands to the insurance proceeds currently total $1,870,782.39.

33. The competing claims make it unclear how to properly manage the TIC Policy limit of $1,000,000.

34. TIC cannot settle the competing claims against Athena and other potential insureds under the TIC Policy without exposing itself to allegations of failure to properly manage the policy limit of $1,000,000.

35. Venue is proper in this District under 28 U.S.C. 1397.

## GENERAL ALLEGATIONS

36. Athena is a registered trucking company running freight hauling business out of Nogales, Arizona.

37. On February 27, 2022, Athena's 2019 Freightliner Cascadia 126 ("the Vehicle") was hauling Athena's 2012 Vanguard National trailer on Interstate 20 near Abilene, Texas.

38. The Vehicle departed the road, entered the center median, and collided head on with a concrete support pillar of an overpass the Accident.

39. The Vehicle was driven by either Mario Alberto Carlson Solis or Carlos Armando Reyes Hurtado.

40. Mr. Solis and/or Mr. Reyes were a permissive user of the Vehicle. Mr. Solis

4

and/or Mr. Reyes therefore qualifies as an "insured" under the TIC Policy.

41. Mr. Carlos Reyes and/or Mr. Solis were a passenger of the Vehicle.

42. Mr. Reyes was a scheduled driver under the TIC Policy.

43. The Accident resulted in the death of Messrs. Solis and Reyes.

44. The Accident also resulted in damage to a vehicle owned by Roller Express.

45. The Roller Express vehicle was driven by Grant.

46. Grant may have been injured as a result of the Accident.

47. The Vehicle's collision with the overpass also resulted in damage to the overpass.

48. The overpass is property of the Texas DOT.

Commercial Auto Policy

49. Texas Insurance Company issued to Athena Logistic Solutions, LLC a commercial auto insurance policy, number BBRCXLTAZ0112000600700, for the policy period of February 11, 2022 to February 11, 2023 ("the TIC Policy").

50. The TIC Policy's limit of liability is $1,000,000 each accident.

<u>Competing Claims</u>

51. As shown above, the limit of liability under the TIC Policy is $1,000,000.

52. The Solis Estate has served a time-limited demand of $500,000 to settle Athena's liability for the Accident related to the death of Solis.

53. The Texas DOT has delivered an invoice of $343,687.46 to Athena for the property damage caused to the underpass.

54. Roller Express has asserted a property damage claim against Athena in the amount of $27,094.93.

55. The Reyes Estate has served a demand of $1,000,000 to settle Athena's liability for the Accident related to the death of Reyes.

56. TIC may also receive a demand from Cameron Grant for bodily injury.

57. The potential liability of TIC's insured, Athena, exceeds the combined Policy limit of $1,000,000.

58. TIC therefore brings this interpleader action to resolve the dispute, and receive a discharge from further indemnity obligations under the Policy arising from the Accident.

## CLAIM FOR RELIEF: INTERPLEADER

59. TIC incorporates by reference all previous allegations as though fully set forth in this Claim for Relief.

60. Given the competing claims against Athena, and the competing claims to indemnity coverage against TIC under the TIC Policy arising from the Accident, it is unclear how to properly manage the Policy limit of $1,000,000.

61. The multiple claims against Athena, and the multiple claims for indemnity coverage against TIC, already state an amount in excess of TIC's limit of $1,000,000, without having received all anticipated claims.

62. TIC cannot settle the Solis claim, the Texas DOT claim, the Reyes claim, and the Roller Express claim against Athena without exposing itself to allegations of the failure to properly manage the policy limit of $1,000,000.

63. TIC stands willing and ready to deposit the $1,000,000 with the Court.

64. TIC should be permitted to deposit the $1,000,000 into the Court under the authority of *McReynolds v. American Commerce Insurance Co.*, 225 Ariz. 125, 235 P.3d 278 (App. 2010) ("*McReynolds*").

65. Pursuant to *McReynolds*, TIC is entitled to receive a discharge from any indemnity obligations under the Policy to Athena or Solis or Reyes in connection with the Accident, and the claims arising from the Accident, upon deposit of the $1,000,000 into the Court.

66. TIC will continue to provide for the defense of Athena, Reyes and Solis against any suit arising out of the Accident, as directed by *McReynolds*.

## PRAYER FOR RELIEF

WHEREFORE, TIC respectfully prays that the Court grant the following relief:

A. Permit TIC to deposit the insurance funds of $1,000,000 into the Court.

B. Discharge TIC from any indemnity obligations to Athena and any other potential insured under the TIC Policy, to include Mr. Reyes and Mr. Solis, for the claims made against them by Texas DOT, Roller Express, the Estate of Mario Solis, the Estate of Carlos Reyes, and Grant arising out of the Accident.

C. Dismiss TIC from this interpleader action, and allow the competing Claimants to litigate the proper allocation of the insurance funds.

D. Grant TIC such other and further relief as the Court deems just and proper.

DATED this 19th day of January 2023.

MEAGHER + GEER, P.L.L.P.

By: /s/ Kurt Zitzer
Kurt M. Zitzer
Logan Reasonover
16767 North Perimeter Drive
Suite 210
Scottsdale, Arizona 85260
(480) 607-9719
*Attorneys for Texas Insurance Company*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on Date, I electronically transmitted the attached documents to the court clerk's office using the CM/ECF system for filing and thereby transmitted a notice of electronic filing to the following CM/ECF registrants:

Clerk of Court
United States District Court
District of Arizona – Tucson
405 W. Congress Street, Suite 500
Tucson, Arizona  85701


By:   /s/ Holly Andrews