**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Texas Insurance Company,<br><br>        Plaintiff,<br><br>v.<br><br>Athena Logistic Solutions LLC, et al.,<br><br>        Defendants. | No. CV-23-00038-TUC-RM<br><br>**ORDER** |

Pending before the Court are Interpleader Plaintiff Texas Insurance Company's ("TIC") Motion for Default Judgment Against Defendant Cameron Grant ("Grant") (Doc. 44), Motion for Default Judgment Against Defendant Roller Express, Inc. ("Roller Express") (Doc. 45), and Motion to Deposit Funds and Seek Discharge of Interpleader Plaintiff (Doc. 48). For the following reasons, the Motions will be granted.

**I.    Background**

TIC issued a commercial automobile insurance policy to Interpleader Defendant Athena Logistic Solutions, LLC ("Athena"), policy number BBRCXLTAZ0112000600700, for the period of February 11, 2022 to February 11, 2023, with a limit of liability of $1,000,000. (Doc. 48 at 2, 4.) On February 27, 2022, an Athena tractor-trailer crashed near Abilene, Texas. (*Id.*) Athena employees or insureds Carlos Armando Reyes Hurtado ("Reyes Hurtado") and Mario Alberto Carlon Solis ("Carlon Solis") died in the crash. (*Id.*) The parties dispute the cause of the accident and whether Reyes Hurtado or Carlon Solis was driving the vehicle. (*Id.*)

Following the accident, TIC received competing claims from the estates of Reyes Hurtado and Carlon Solis, as well as property damage claims from the Texas Department of Transportation ("TXDOT") and Roller Express. (Doc. 48 at 2-3.) The competing claims exceed the TIC policy's limit of liability. (*Id.* at 3, 5.) TIC filed this interpleader action after becoming aware of the competing claims to the insurance proceeds. (*Id.* at 6; Doc. 1.)

TIC's Complaint names as Interpleader Defendants Athena, TXDOT, Roller Express, Grant,[1] the Carlon Solis Estate, and Erika Orozco (incorrectly named as Erika Ortiz), individually and as representative of the Reyes Hurtado Estate. (Doc. 1.) Erika Orozco, individually and as representative of the Reyes Hurtado Estate and as next friend of minors R.Y.R.O., KN.R.O., and KL.R.O, Maria Hurtado, and Rafael Hurtado (collectively, "Reyes Hurtado Defendants") filed an Answer to the Interpleader Complaint and crossclaims against Athena and the Carlon Solis Estate. (Doc. 8.) The Carlon Solis Estate answered the Interpleader Complaint and the Reyes Hurtado Defendants' crossclaims. (Docs. 11, 13.) Claudia Lilian Vega Munoz, as representative of the Carlon Solis Estate and on behalf of herself and minor child T.I.C.V. (collectively, "Carlon Solis Defendants"), filed crossclaims against Athena and counter-crossclaims against the Reyes Hurtado Estate. (Doc. 40.)[2] Athena answered the Interpleader

---

[1] The Interpleader Complaint alleges that the accident resulted in property damage to a vehicle owned by Roller Express and driven by Cameron Grant. (Doc. 1 at 2 ¶¶ 8-9, 13.)

[2] The Carlon Solis Estate filed crossclaims on February 21, 2023 (Doc. 13), and filed amended crossclaims on May 1, 2023 (Doc. 40). It does not appear that the amendment was permissible as a matter of course under Federal Rule of Civil Procedure 15(a)(1), nor does it appear that the Carlon Solis Estate obtained the opposing parties' written consent to amend. Furthermore, the amended pleading does not fully comply with LRCiv 15.1. However, the Reyes Hurtado Defendants answered the amended crossclaims without objection. (Doc. 49.) On July 14, 2023, the Carlon Solis Estate amended its affirmative defenses to the Reyes Hurtado Defendants' crossclaims. (Doc. 57.) Again, it does not appear that the amendment was permissible as a matter of course, it does not appear that the Carlon Solis Estate obtained the opposing parties' written consent to amend, and the amended pleading does not fully comply with LRCiv 15.1. Because the Reyes Hurtado Defendants answered the Carlon Solis Estate's amended crossclaims without objection, the Court will excuse the Carlon Solis Estate's non-compliance with Federal Rule of Civil Procedure 15 and LRCiv 15.1 with respect to that pleading (Doc. 40). However, the Court will order the Carlon Solis Estate to show cause why the Court should not strike the First Amended Affirmative Defenses to the Reyes Hurtado Defendants' Crossclaims (Doc. 57) for failure to comply with Federal Rule of Civil Procedure 15 and LRCiv 15.1.

Complaint and the crossclaims of the Carlon Solis and Reyes Hurtado Estates. (Docs. 21, 53, 54.) The Reyes Hurtado Defendants answered the Carlon Solis Defendants' counter-crossclaims. (Doc. 49.) Roller Express was served with the Summons and Interpleader Complaint on February 1, 2023 (Doc. 16) and Grant was served on February 21, 2023 (Doc. 14), but neither answered or otherwise responded, and the Clerk of Court entered their defaults on April 25, 2023 (Docs. 38, 39). The parties settled with TXDOT and stipulated to its dismissal from this case. (Docs. 26, 50, 51.) Following that settlement, the remaining policy limit totals $957,520.24. (Doc. 48 at 6, 8-9.)

In addition to the competing claims to the insurance proceeds, TIC faces competing insureds: it is defending Athena as its named insured under the policy, defending the Reyes Hurtado Defendants against the crossclaims filed against them by the Carlon Solis Defendants, and defending the Carlon Solis Defendants against the crossclaims filed against them by the Reyes Hurtado Defendants. (Doc. 48 at 4-6.)

## II.  Motions for Default Judgment

TIC moves for default judgment against Roller Express and Grant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Docs. 44, 45.) "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The plaintiff may thereafter apply for entry of a default judgment by the Court. Fed. R. Civ. P. 55(b)(2). The Court may conduct a hearing if necessary to enter or effectuate judgment. *Id.* In determining whether to grant default judgment, courts consider "(1) the possibility of prejudice to the plaintiff, (2) the merits of [the] plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, TIC would be prejudiced if the Court does not grant default judgment

against Roller Express and Grant "because it would be denied the benefits of the interpleader process," which is intended "to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Am. Gen. Life Ins. Co. v. Vogel*, No. 1:21-cv-00762-ADA-SKO, 2022 WL 4292270, at *5 (E.D. Cal. Sept. 16, 2022) (internal quotation marks omitted). As discussed below, the Court finds that TIC has properly invoked the interpleader process, and thus the second and third *Eitel* factors weigh in favor of granting default judgment. The third *Eitel* factor is neutral in interpleader actions because the plaintiff-in-interpleader is not seeking damages. *Am. Gen. Life Ins. Co. v. Durbin*, No. CV 15-4137-FMO(Ex), 2016 WL 3583826, at *4 (C.D. Cal. June 10, 2016). Nothing in the record indicates there is a dispute as to material facts that affects the allegations concerning Roller Express and Grant. TIC has filed Certificates of Service indicating Roller Express and Grant were properly served with the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4(e) (Docs. 14, 16), and there is no indication in the record that the defaults of Roller Express and Grant resulted from excusable neglect. Finally, because Roller Express and Grant have failed to answer or take any action indicating an intent to participate in this litigation, a decision on the merits with respect to them is "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Accordingly, the Court finds that the *Eitel* factors favor granting default judgment against Roller Express and Grant. The Court further finds that a hearing under Federal Rule of Civil Procedure 55(b)(2) is unnecessary.

**III.     Motion to Deposit Funds and Seek Discharge of Interpleader Plaintiff**

TIC seeks to deposit the remaining policy limit of $957,520.24 with the Court and be discharged from this action. (Doc. 48.) TIC argues that deposit of the policy limit and discharge is appropriate under Arizona Rule of Civil Procedure 22(b). (*Id.* at 7-9.) Athena filed a Response, arguing that TIC has a continuing obligation to defend it against claims arising from the February 27, 2022 accident at issue, including claims raised in this litigation and claims raised in any other potential litigation arising from the accident.

(Doc. 52.)  TIC filed a Reply, averring that it does not seek a declaration that it may withdraw from its continuing defense of Athena; rather, it merely seeks to deposit the insurance funds with the Court and be dismissed from this interpleader action.  (Doc. 56; *see also* Doc. 48 at 6.)

Where "there is a single fund at issue" and "there are adverse claimants to that fund," an interpleader action is appropriate.  *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 22(a); 28 U.S.C. § 1335.  "Once the court determines that interpleader is proper, it may discharge a disinterested stakeholder from further liability."  *Am. Gen. Life Ins. Co.*, 2022 WL 4292270, at *8.  The Court finds that interpleader is appropriate given the adverse claimants to the insurance proceeds at issue.  The Court will grant TIC's request for discharge following deposit into the Court registry of the remaining policy limit at issue.  The Court notes that this Order does not release or extinguish any duty to defend owed by TIC in the present action or any other potential litigation arising from the accident at issue.

**IT IS ORDERED** that the Motion for Default Judgment Against Defendant Cameron Grant (Doc. 44) and Motion for Default Judgment Against Defendant Roller Express, Inc. (Doc. 45) are **granted**.  Interpleader Defendants Cameron Grant and Roller Express, Inc. have forfeited any claims arising from the February 27, 2022 accident that they may have asserted against Texas Insurance Company under the commercial automobile insurance policy issued by Texas Insurance Company to Athena Logistic Solutions, LLC for the period February 11, 2022 to February 11, 2023, policy number BBRCXLTAZ0112000600700.  Cameron Grant and Roller Express, Inc. are dismissed from this interpleader action and shall take no share of the judgment proceeds.

**IT IS FURTHER ORDERED** that the Motion to Deposit Funds and Seek Discharge of Interpleader Plaintiff (Doc. 48) is **granted**.  Interpleader Plaintiff Texas Insurance Company is granted leave to deposit the remaining policy limit of $957,520.24 into the Court registry pursuant to Federal Rule of Civil Procedure 67 and Local Rule of

Civil Procedure 67.1.  Upon deposit of the policy limit with the Court, Texas Insurance Company shall be discharged from all further indemnity obligations and liability herein and shall be dismissed as a party from the above-captioned action.  This Order does not release or extinguish any duty to defend owed by Texas Insurance Company in the above-captioned action or in any other potential litigation arising from the February 27, 2022 accident at issue.

**IT IS FURTHER ORDERED** that former Defendant Texas Department of Transportation's Motion to Dismiss (Doc. 12) is **denied as moot**, given the stipulated dismissal of Texas Department of Transportation.

**IT IS FURTHER ORDERED** that the Carlon Solis Estate shall, within **fourteen (14) days** of the date this Order is issued, show cause why the Court should not strike the First Amended Affirmative Defenses to the Reyes Hurtado Defendants' Crossclaims (Doc. 57) for failure to comply with Federal Rule of Civil Procedure 15 and LRCiv 15.1.

Dated this 24th day of July, 2023.

_____
Honorable Rosemary Márquez
United States District Judge