**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Texas Insurance Company,

            Plaintiff,

v.

Athena Logistic Solutions LLC, et al.,

            Defendants.

No. CV-23-00038-TUC-RM

**ORDER**

Pending before the Court in the above-entitled interpleader action are Petitions to Approve Settlement (Docs. 73, 78, 81-1), to which Athena Logistic Solutions, LLC ("Athena") objects (Docs. 79, 80, 84, 85, 89), and Motions to Appoint Guardian Ad Litem (Docs. 82, 83), to which Athena responded (Docs. 86, 90).

## I.   Background

Former Interpleader Plaintiff Texas Insurance Company ("TIC") issued a commercial automobile insurance policy to Athena for the period of February 11, 2022, to February 11, 2023, with a limit of liability of $1,000,000.  (Doc. 48 at 4.)  On February 27, 2022, an Athena tractor-trailer crashed near Abilene, Texas.  (*Id.*)  Athena employees or insureds Carlos Armando Reyes Hurtado ("Reyes Hurtado") and Mario Alberto Carlon Solis ("Carlon Solis") died in the crash.  (*Id.*)

Following the accident, TIC received competing claims from the estates of Reyes Hurtado and Carlon Solis, as well as property damage claims from the Texas Department of Transportation ("TXDOT") and Roller Express, Inc.  (Doc. 48 at 2-3.)  The competing

1    claims exceeded the TIC policy's limit of liability.  (*Id.* at 5.)  TIC filed this interpleader

2    action after becoming aware of the competing claims to the insurance proceeds.  (*Id.* at 6;

3    Doc. 1.)

4          TIC's Complaint names as Interpleader Defendants Athena, TXDOT, Roller

5    Express, Cameron Grant,[1] the Carlon Solis Estate, and Erika Orozco (incorrectly named

6    as Erika Ortiz), individually and as representative of the Reyes Hurtado Estate.  (Doc. 1.)

7    Erika Orozco ("Orozco"), individually and as representative of the Reyes Hurtado Estate

8    and as next friend of minors R.Y.R.O., KN.R.O., and KL.R.O; Maria Hurtado; and

9    Rafael Hurtado (collectively, "Reyes Parties") filed crossclaims against Athena and the

10   Carlon Solis Estate.  (Doc. 8.)  Claudia Lilian Vega Munoz ("Vega"), as representative of

11   the Carlon Solis Estate and on behalf of herself and minor T.I.C.V. (collectively, "Carlon

12   Solis Parties"), filed crossclaims against Athena and counter-crossclaims against the

13   Reyes Hurtado Estate.  (Doc. 40.)

14         Roller Express was served with the Summons and Interpleader Complaint on

15   February 1, 2023 (Doc. 16) and Grant was served on February 21, 2023 (Doc. 14), but

16   neither answered or otherwise responded, and the Court granted default judgment against

17   them on July 25, 2023 (Doc. 58).  The parties settled with TXDOT and stipulated to its

18   dismissal from this case.  (Docs. 26, 50, 51.)  Following that settlement, the remaining

19   policy limit totals $957,520.24.  (Doc. 48 at 6, 8-9.)  TIC deposited the remaining policy

20   limit into the Court registry.  (Doc. 66.)  The Court then dismissed TIC as a party to this

21   case and discharged it from any further indemnity obligations and liability herein.  (Doc.

22   58 at 6; Doc. 69.)

23   **II.    Petitions to Approve Settlement**

24         After discovery indicated that Carlon Solis was the driver of the vehicle during the

25   collision at issue, the Reyes Parties and Carlon Solis Parties reached a settlement,

26   agreeing to the following distribution of the remaining policy limit:  $757,520.24 for the

27   Reyes Parties and $200,000 for the Carlon Solis Parties.  (Doc. 81-1 at 3; Doc. 78 at 3.)

28   ---
[1] The Interpleader Complaint alleges that the accident resulted in property damage to a vehicle owned by Roller Express and driven by Cameron Grant.  (Doc. 1 at 2 ¶¶ 8-9, 13.)

1    The Reyes Parties ask the Court to approve a settlement that (1) allocates 50% of the

2    Reyes Parties' proceeds to Orozco and 16.67% each to minors R.Y.R.O. (17 years old),

3    KL.R.O. (13  years old), and KN.R.O. (13 years old);[2] (2) deducts 40% in attorneys' fees

4    and $17,142.21 in case expenses from the amount allocated to Orozco, resulting in a net

5    recovery of $210,113.86; (3) deducts 33.33% in attorneys' fees from the amounts

6    allocated to each minor, resulting in a net recovery of $84,168.92 for each minor; and (4)

7    requires the net proceeds for each minor to be deposited into fixed annuities that will

8    provide periodic payments.  (Doc. 81-1 at 3-7.)[3]  The Carlon Solis Parties ask the Court

9    to approve a settlement that (1) allocates 50% of the Carlon Solis Parties' proceeds to

10   Vega and 50% to minor T.I.C.V. (3 years old); (2) deducts 40% in attorneys' fees and

11   $17,281.82 in case expenses from the amount allocated to Vega, resulting in a net

12   recovery of $42,718.18; (3) deducts 33.33% in attorneys' fees and $17,281.82 in case

13   expenses from the amount allocated to T.I.C.V., resulting in a net recovery of

14   $49,384.85; and (4) deposits the net proceeds for T.I.C.V. into a fixed annuity that will

15   provide periodic payments.  (Doc. 78 at 3-7.)[4]  The Reyes Parties and Carlon Solis Parties

16   assert that this Court's review of the proposed settlement is governed by Federal Rule of

17   Civil Procedure 17(c) and *Robidoux v. Rosengren*, 638 F.3d 1177 (9th Cir. 2011).  (*See*

18   Doc. 74 at 2; Doc. 75 at 2-4, Doc. 78 at 1; Doc. 81-1 at 1-2.)

19       Athena objects to the Reyes Parties' and Carlon Solis Parties' Petitions to Approve

20   Settlement, contending that the holding of *Robidoux* is limited to review of the settlement

21   of a minor's federal claims, that Arizona law governs this action, and that a third-party

22   conservator must be appointed pursuant to Arizona Rule of Probate Procedure 53 and

23   A.R.S. § 14-5424.  (Docs. 79, 80, 84, 85, 89.)  After Athena objected to the Petitions, the

24   Reyes Parties and Carlon Solis Parties filed Motions asking the Court to appoint

25   guardians ad litem if it determines doing so is necessary.  (Docs. 82, 83.)  The Reyes

26   ---

[2] Reyes's parents, Maria Hurtado and Rafael Reyes, have agreed to gift their interest in the funds to Orozco and her minor children.  (Doc. 73 at 4, 6.)

27   [3] The Reyes Parties have submitted three proposals for annuities purchased from Pacific Life.  (Doc. 83-1.)

28   [4] The Carlon Solis Parties have submitted a proposal for an annuity purchased from Metropolitan Tower Life Insurance Company.  (Doc. 78-2.)

1   Parties and Carlon Solis Parties request that the cost of appointing guardians ad litem be

2   borne by TIC or Athena.  (Doc. 82 at 3; Doc. 83 at 5.)  Athena does not object to the

3   appointment of guardians ad litem but argues that the cost should be borne out of the

4   interpleaded funds.  (Docs. 86, 90.)

5   **III.    Discussion**

6          This Court's jurisdiction arises under the interpleader statute, 28 U.S.C. § 1335,

7   which provides that district courts have original jurisdiction over interpleader actions

8   involving an amount of $500 or more if "[t]wo or more adverse claimants, of diverse

9   citizenship . . . are claiming or may claim to be entitled to such money."  28 U.S.C. §

10  1335(a)(1).[5]  When, as here, a federal court's subject-matter jurisdiction arises from

11  diversity of citizenship, the *Erie* doctrine requires the court to "apply state substantive

12  law and federal procedural law."  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415,

13  427 (1996) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  When the law at

14  issue "is embodied in a Federal Rule of Civil Procedure," then "the federal rule must be

15  applied" so long as "it does not 'abridge, enlarge, or modify any substantive right' in

16  violation of the Rules Enabling Act."  *Freund v. Nycomed Amersham*, 347 F.3d 752, 761

17  (9th Cir. 2003) (quoting 28 U.S.C. § 2072).  Athena has not shown that Federal Rule of

18  Civil Procedure 17 abridges, enlarges, or modifies any substantive right.  Accordingly,

19  Federal Rule of Civil Procedure 17, rather than Arizona Rule of Probate Procedure 53,

20  governs.[6]

21  ---

22  [5] The statute requires only "minimal diversity"—"that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens."  *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (internal quotation marks omitted).  Minimal diversity existed at the time this action was commenced.  (*See* Doc. 1.)

23  [6] The Court notes that the Arizona Rules of Probate Procedure, by their own terms, apply only to procedures in probate proceedings in state superior court.  *See* Ariz. R. Prob. Proc. 1(a).  The Court further notes that, in addition to failing to provide an *Erie* analysis, Athena has failed to provide a choice-of-law analysis.  Because the basis of the Court's jurisdiction in a statutory interpleader action arises from diversity of citizenship, the forum state's choice-of-law rules determine which state's substantive laws govern.  *See Equitable Life Assurance Soc'y of U.S. v. McKay*, 837 F.2d 904, 905 (9th Cir. 1988); 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1713 (3d ed.).  Under Arizona's choice-of-law rules, courts apply the substantive laws of the state "having the most significant relationship," considering the "place where the injury occurred," the "place where the conduct causing the injury occurred," the domicile of the

Federal Rule of Civil Procedure 17 provides that a general guardian or conservator may sue or defend on behalf of a minor.  Fed. R. Civ. P. 17(c)(1).  The rule further provides that "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem," and that the "court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  When a parent brings an action on behalf of her minor child, the child is not unrepresented within the meaning of Rule 17(c), and the Court need not consider whether to appoint a guardian ad litem unless a conflict of interest exists between the parent and the minor.  *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001).

Here, Orozco and Vega brought claims on behalf of themselves and their minor children.  Athena appears to argue that Orozco and Vega have a conflict of interest because the proceeds of the proposed settlement will be divided between them and the minors.  However, Athena has presented no evidence indicating that Orozco and Vega have placed their interests above the interests of their children.  Accordingly, the Court does not find that guardians ad litem must be appointed under Federal Rule of Civil Procedure 17.

Even if Athena were correct that this Court must apply Arizona Rule of Probate Procedure 53, that rule likewise does not require the appointment of a conservator or guardian ad litem.  Arizona Rule of Probate Procedure 53(d) provides that, "[a]fter considering the amount and nature of the settlement proceeds, the age and sophistication of the minor . . . , and that person's living arrangements and ongoing needs," the Court *may* appoint a conservator or issue other orders, including approving a structured settlement.  Ariz. R. Prob. P. 53(d).  Contrary to Athena's arguments, the rule merely authorizes—but does not require—the appointment of a conservator.  Athena has failed

---

parties, and the place where the parties' relationship is centered.  *Bates v. Superior Ct., Maricopa Cnty.*, 749 P.2d 1367, 1370 (Ariz. 1988).  Athena has not explained why Arizona has the most significant relationship considering these factors; however, the Court need not definitively resolve this issue, as federal procedural law governs the issues currently before the Court.

to explain why the appointment of a conservator with the broad powers authorized by A.R.S. § 14-5424 is necessary or appropriate here.  Arizona Rule of Probate Procedure 53(c) provides that a court *may* appoint a guardian ad litem to address the reasonableness of a proposed settlement of a minor's claims, the attorney fees to be paid from the minor's proceeds, the costs of litigation and apportionment of those costs, and the apportionment of settlement proceeds among various litigants.  Again, this rule merely authorizes—but does not require—the appointment of a guardian ad litem.  Athena has failed to explain why the appointment of a guardian ad litem is necessary in this case.

Athena appears to fear that the parties' settlement will not be binding on the minor litigants unless a conservator or guardian ad litem is appointed.  This fear is unfounded, as it is judicial approval—rather than the consent of a conservator or guardian ad litem—that renders the settlement binding.  While a next friend or guardian ad litem "may negotiate a proposed compromise to be referred to the court, [s]he cannot render such a compromise effective merely by giving [her] consent."  *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. 1978) (internal quotation marks omitted); *see also id.* at 1076 n.1 (using term "next friend" and "guardian ad litem" interchangeably).  "It is the court's order approving the settlement that vests the guardian ad litem with the legal power to enforce the agreement."  *Id.* at 1079.

"It has long been established that the court in which a minor's claims are being litigated has a duty to protect the minor's interests."  *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).  This duty, which arises from Federal Rule of Civil Procedure 17(c), requires the court to "independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected," even when the settlement has been "recommended or negotiated by the minor's parent or guardian ad litem."  *Id.*; *see also Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  In *Robidoux*, the Ninth Circuit held that district courts should approve a proposed settlement of minors' claims so long as "the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases."  638 F.3d

at 1182. *Robidoux* addressed the settlement of a minor's federal claims, and the Ninth Circuit declined to "express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2. Nevertheless, district courts have looked to the *Robidoux* standard for guidance when evaluating proposed settlements of state-law claims. *See, e.g.*, *DeRuyver v. Omni La Costa Resort & Spa, LLC*, No. 3:17-CV-0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); *Allison v. Gramercy YZE, LLC*, No. CV-14-00862-MWF (RZx), 2014 WL 12569372, at *2 (C.D. Cal. Dec. 9, 2014); *R.J. ex rel. Jain v. Mitsubishi Motors N. Am., Inc.*, No. C 13–2165 LB, 2013 WL 2303784, at *1 n.4 (N.D. Cal. May 24, 2013); *Guerrero v. Brentwood Union Sch. Dist.*, No. C 13–03873 LB, 2014 WL 1351208, at *2 n.2 (N.D. Cal. Apr. 4, 2014); *Mitchell v. Riverstone Residential Grp.*, No. CIV. S-11-2202 LKK/CKD, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases).

Although the Court does not find that the appointment of guardians ad litem is necessary under Federal Rule of Civil Procedure 17, the Court will appoint a special master under Federal Rule of Civil Procedure 53 to review the fairness and reasonableness of the proposed settlement in light of the minors' claims and the average recovery in similar cases. The Court will order TIC to bear the costs of the appointment of the special master, as the Court finds the cost is encompassed within TIC's duty to defend in the above-captioned case.

**IT IS ORDERED** that the Petitions to Approve Settlement (Docs. 73, 78, 81-1) are **taken under advisement**.

**IT IS FURTHER ORDERED** that the Motions to Appoint Guardian Ad Litem (Docs. 82, 83) are **denied**.

**IT IS ORDERED** that attorney Burr Udall of the Udall Law Firm, LLP is hereby appointed as a special master to review the fairness and reasonableness of the proposed settlement of the minors' claims in this case. Texas Insurance Company shall bear the cost of the appointment of Burr Udall as a special master, with such cost not to exceed $5,000.00 absent further leave of Court.

1    **IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date this Order

2  is filed, Burr Udall shall file a report containing his findings regarding the fairness and

3  reasonableness of the proposed settlement of the minors' claims.

4    **IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this

5  Order to attorney Burr Udall at the following address:

6    Burr Udall, Esq.

7    Udall Law Firm, LLP

8    4801 E. Broadway Blvd., Suite 400, Tucson AZ 84711

9    (520) 623-4353

10   Dated this 25th day of January, 2024.

11

12

13

14   _____

15   Honorable Rosemary Márquez
     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28