**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Texas Insurance Company, | No. CV-23-00038-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Athena Logistic Solutions LLC, et al., | |
| Defendants. | |

    The Court previously appointed Burr Udall of the Udall Law Firm, LLP to serve as a special master to review the fairness and reasonableness of the proposed settlement of the minors' claims in the above-captioned matter. (Doc. 93.) Mr. Udall has provided to the Court the attached report finding that the proposed settlement is fair and reasonable.

    "It has long been established that the court in which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). This duty, which arises from Federal Rule of Civil Procedure 17(c), requires the court to "independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected," even when the settlement has been "recommended or negotiated by the minor's parent or guardian ad litem." *Id.*; *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (duty derives from Rule 17(c)). In *Robidoux*, the Ninth Circuit held that district courts should approve a proposed settlement of minors' claims so long as "the net recovery to

each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases." 638 F.3d at 1182. *Robidoux* addressed the settlement of a minor's federal claims, and the Ninth Circuit declined to "express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2. Nevertheless, district courts have looked to the *Robidoux* standard for guidance when evaluating a proposed settlement of state-law claims. *See, e.g.*, *DeRuyver v. Omni La Costa Resort & Spa, LLC*, No. 3:17-CV-0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); *Allison v. Gramercy YZE, LLC*, No. CV-14-00862-MWF (RZx), 2014 WL 12569372, at *2 (C.D. Cal. Dec. 9, 2014); *R.J. ex rel. Jain v. Mitsubishi Motors N. Am., Inc.*, No. C 13–2165 LB, 2013 WL 2303784, at *1 n.4 (N.D. Cal. May 24, 2013); *Guerrero v. Brentwood Union Sch. Dist.*, No. C 13–03873 LB, 2014 WL 1351208, at *2 n.2 (N.D. Cal. Apr. 4, 2014); *Mitchell v. Riverstone Residential Grp.*, No. CIV. S-11-2202 LKK/CKD, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases).

Based on this Court's review of the parties' Petitions to Approve Settlement and Mr. Udall's report, the Court finds that the net recovery to each minor—$84,168.92 for each of Erika Orozco's ("Orozco") children and $49,384.85 for Claudia Lilian Vega Munoz's ("Vega") child—is fair and reasonable in light of the minors' claims and the average recoveries in similar actions. *See, e.g.*, *Benedict v. Total Transit Inc.*, 499 P.3d 339, 344 (Ariz. App. 2021) (jury award of $91,000 each to decedent's children in wrongful death lawsuit). To the extent it is appropriate to look beyond the *Robidoux* criteria and consider how the interpleaded funds have been allocated in the proposed settlement between the minors, their mothers, and the parties' attorneys, the Court continues to find the settlement fair and reasonable. The division of the interpleaded funds between the Reyes Parties[1] and the Carlon Solis Parties[2] is fair and equitable given the evidence indicating Mario Alberto Carlon Solis was the driver of the vehicle at the time of the fatal collision at issue in this case. The Court approves as fair and reasonable

---

[1] The Reyes Parties include Erika Orozco and minors R.Y.R.O, KN.R.O, and KL.R.O.
[2] The Carlon Solis Parties include Vega and minor T.I.C.V.

the reduced attorneys' fees of 33.33% deducted from the minors' shares of the interpleaded funds, given the attorneys' skill and experience, the time expended on the litigation, customary fees, and the risks inherent in contingency fee arrangements. The Court also approves as fair and reasonable the allocation of 50% of case expenses to T.I.C.V. and no case expenses allocated to Orozco's children. Finally, the Court finds that the overall allocation of funds between the minors and their mothers is fair and reasonable, particularly given that Orozco and Vega are now the sole living parents of the minor children, and it appears that they will likely use a significant portion of their portions of the interpleaded funds to pay for the expenses associated with raising the children. (*See* Doc. 73 at 6; Doc. 78 at 4; Udall Report.) The Court finds that it is in the minor's best interests to place the minors' portions of the interpleaded funds into fixed annuities, as doing so will ensure the preservation and growth of the proceeds, prevent mismanagement, and allow the minors to receive funds at a time when they have sufficient maturity.

Accordingly,

**IT IS ORDERED** that the Petitions to Approve Settlement (Docs. 73, 78, 81-1) are **granted**. The parties' proposed settlement is **approved**, as follows:

1. $757,520.24 of the remaining interpleaded funds deposited into the Court registry shall be allocated to the Reyes Parties and $200,000.00 shall be allocated to the Carlon Solis Parties.
2. 50% of the Reyes Parties' share of the interpleaded funds shall be allocated to Erika Orozco, with the remaining 50% split evenly between minors R.Y.R.O, KL.R.O, and KN.R.O.
3. Attorney's fees of 40% and case expenses of $17,142.21 shall be deducted from Orozco's share of the interpleaded funds, resulting in a net recovery to Orozco of $210,113.86.
4. Attorney's fees of 33.33% shall be deducted from the shares of minors R.Y.R.O. KL.R.O. and KN.R.O., resulting in a net recovery of $84,168.92 to each of these

minor litigants.

5. 50% of the Carlon Solis Parties' share of the interpleaded funds shall be allocated to Claudia Lilian Vega Munoz, with the remaining 50% allocated to T.I.C.V.

6. Attorney's fees of 40% and case expenses of $17,281.82 shall be deducted from Vega's share of the interpleaded funds, resulting in a net recovery to Vega of $42,718.18.

7. Attorney's fees of 33.33% and case expenses of $17,281.82 shall be deducted from minor T.I.C.V.'s share of the interpleaded funds, resulting in a net recovery to T.I.C.V. of $49,384.85.

8. The Reyes and Carlon Solis Parties shall place the shares of the interpleaded funds allocated to the minors into annuities purchased from a AAA-rated life insurance company, as discussed in the Petitions and Udall's report.

9. Texas Insurance Company shall cooperate with the parties to allow for the purchase of annuities for the minors including, as necessary, signing Qualified Assignments.

10. Orozco as next friend of R.Y.R.O., KL.R.O., and KN.R.O. is authorized to execute all documents to effectuate this settlement on behalf of R.Y.R.O., KL.R.O., and KN.R.O., including signing Settlement Agreements and Releases.

11. Vega as next friend of T.I.C.V. is authorized to execute all documents to effectuate this settlement on behalf of T.I.C.V., including signing Settlement Agreements and Releases.

12. Upon payment of the interpleaded funds as outlined above and execution of Settlement Agreements and Releases, the parties shall file a stipulation of dismissal of the above-entitled action.

. . . .

. . . .

. . . .

. . . .

13. A stipulation of dismissal or a further status report is due within **thirty (30) days** of the date this Order is filed.

Dated this 27th day of February, 2024.

                                                  Honorable Rosemary Márquez
                                                  United States District Judge

**UDALL LAW FIRM, LLP**
ATTORNEYS AT LAW
4801 E. BROADWAY BLVD., SUITE 400
TUCSON, ARIZONA 85711-3638
(520) 623-4353
dbudall@udalllaw.com

D.B. Udall SBN 739
Special Master

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Texas Insurance Company, | Case No. 4:23-cv-00038-RM |
| Plaintiffs | **REPORT OF SPECIAL MASTER** |
| VS. | |
| Athena Logistics Solutions, LLC; Texas Department of Transportation; Roller Express, Inc.; The Estate of Mario Alberto Carlon Solis; Erika Ortiz, Ind. and as Rep. of the Estate of Carlos Armando Reyes Hurtado; and Cameron Grant. | *Assigned to:*<br>*The Honorable Rosemary Márquez* |
| Defendants. | |

The Court has appointed me to review the fairness and reasonableness of the proposed settlement of the minors' claims in this case. This will serve as that report.

I have been practicing law in Pima County for over 65 years. My primary focus and practice has been as a civil defense attorney, including trying and evaluating cases; giving coverage opinions; and doing civil appeals. I have tried over 300 civil cases and I feel safe in saying I have evaluated over 3,000 personal injury and wrongful death cases. I have handled over 100 appeals which resulted in published opinions. I feel qualified to give you my recommendations.

Everyone understands that evaluating a personal injury or wrongful death case is not an exact science. It is based on many, many factors. I have taken all of those factors into consideration.

Everyone understands that the final decision is that of the Court, and not mine.

Texas Ins. Co. will pay my fee.

There are two wrongful death claims. In Arizona, the persons who can recover for wrongful death are parents, spouse and children. No one else.

Texas Ins. Co. needs for the survivors in both cases to sign a release. The attorneys for both plaintiffs agree that is a reasonable requests and once the Court rules, the appropriate releases will be prepared by the attorney for Texas Ins. Co.

## **WRONGFUL DEATH OF CARLON SOLIS**

Due to the wrongful death of Carlon Solis, the claimants are his surviving wife, Claudia Vega, and three-year-old daughter. I have reviewed all of the written material filed by their attorney with this Court. I have conferred with her and her attorney by Zoom. She is a Spanish speaker only. She has a limited education and relied on her husband to provide for her and her daughter. Since his death, she has made a small amount of money selling goods on the street and at swap meets. She receives some support from the Mexican government. She receives some assistance from friends and relatives, but basically, she is the sole support of her daughter. She is 42 years old. She has two children from a prior relationship, ages 21 and 16, but they do not live with her. She owns her own home. Basically, she has no skills to make her employable.

Mrs. Vega and her attorney agreed that of the $200,000.00, 50% would go to her and 50% would go to her daughter.

Her daughter, age 3, is T███ V███.

The amount for the death of her husband, going to her and her daughter is $200,000.00. once costs and attorneys fees are deducted, the amount going to the wife is $42,718.18.

After costs and attorneys fees, the daughter T███ will receive $49,384.83. That money will be placed in an annuity, which will pay her at age 18, and again at age 21, the

-2-

total amount of $97,357.75. I believe that placing her money in an annuity is the best and most appropriate way to handle her settlement.

It is clear that most of the money received by Mrs. Vega will be used to raise her child and support herself.

Mrs. Vega and her daughter live in Nogales, Sonora.

Considering all of the circumstances, I feel that 50% going to Mrs. Vega, and 50% going to her child is fair and reasonable, and I would recommend to the Court that the Court approve that settlement.

## **WRONGFUL DEATH OF CARLOS ARMANDO REYES**

Mr. Reyes left surviving his parents, who have agreed in writing that they do not want to make a claim and all the money should go to his wife and his children. The persons entitled to make a claim are his wife Erika Orozco and his three daughters, R▆ (age 17), and twins K▆ and K▆ (age 13).

Mrs. Orozco is 41 years old and only a Spanish speaker. She has a BA from a Mexican university. Prior to her husband's death, she was not employed, and took care of the home and the children. Since his death, she has obtained a desk job for a company that imports food to the USA. Clearly, a lot of her money will be used to support her children.

I talked by Zoom to Mrs. Orozco and R▆. I did not talk to the twins since I did not believe they are old enough to give pertinent information to help me do my job. Both R▆ and Mrs. Orozco and their attorney agree that the funds should be distributed 50% to Mrs. Orozco and the other 50% equally to the three daughters. Considering everything, I believe that is a fair distribution of those funds and would recommend to the Court that the Court approve that distribution.

R▆ and the twins will receive annuities and again, I think that is the way to go to make their recovery greater.

After deducting fees and costs, Erika Orozco will receive $210,713.80 and each of the three daughters would receive $84,168.92.

The structure for R███ would pay $95,473.00. The structure for the twins would pay each $123,955.

Mrs. Orozco anticipates that her three daughters will attend college in Mexico and obtain a degree. By structuring the money, it makes college a very viable option for the three girls.

## MY RECOMMENDATIONS

I feel that in both cases a 50-50 split between the surviving spouse and the children is reasonable and fair. I would recommend to the Court that the Court approve the two settlements, giving each spouse 50% of each settlement, and giving her children 50% of each settlement.

RESPECTFULLY SUBMITTED this 22nd day of February, 2024.

UDALL LAW FIRM, LLP

By _____
D.B. Udall
*Special Master*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2024, I electronically transmitted the attached documents to the court clerk's office using the CM/ECF system for filing and thereby transmitted a notice of electronic filing to the following CM/ECF registrants:

Clerk of Court
United States District Court
District of Arizona – Tucson
405 W. Congress Street, Suite 500
Tucson, Arizona  85701

-4-

Kurt M. Zitzer
Logan Reasonover
MEAGHER + GEER, P.L.L.P.
16767 North Perimeter Drive
Suite 210
Scottsdale, Arizona 85260
kzitzer@meagher.com
lreasonover@meagher.com
*Attorneys for Plaintiff,*
*Texas Insurance Company*

David Trosman
J. ALEXANDER LAW FIRM, P.C.
12801 N. Central Expressway
Suite 1100
eservice@jalexlawfirm.com
*Attorneys for Reyes Defendants*

Miguel J. Chapa
Arturo Gonzalez
CHAPA LAW GROUP, P.C.
3550 N. Central Ave., Suite 1860
Phoenix, AZ 85012
Mchapa@chapalawgroup.com
agonzalez@chapalawgroup.com
*Attorneys for Estate of Mario Alberto Carlon Solis*

DATED: February 22, 2024.

By _____
D.B. Udall